IN RE ESTATE OF ROY MARSH, DECEASED.
J.R. KENNER, JR., PERSONAL REPRESENTATIVE OF THE ESTATE OF ROY MARSH, DECEASED, APPELLEE, V. BLUE VALLEY LUTHERAN HOMES SOCIETY, INC., APPELLANT, AND JAMES AND WILLA BUCKLES, APPELLEES.

524 N.W.2d 571

Filed December 9, 1994. No. S-92-772.

Robert I. Blevens, of Blevens & Jacobs; William C. Waller, Jr., and Denis H. Mark, of Waller and Mark, P.C.; and Steven R. Hutchins, of Hutchins & Associates, for appellant.

James P. McKernan, of McKernan & Werner, and Charles E. Wright, of Cline, Williams, Wright, Johnson & Oldfather, for appellee Kenner.

Rodney P. Cathcart for appellees Buckles.

WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ., and BOSLAUGH, J., RETIRED.

BOSLAUGH, J., RETIRED.

This matter involves the estate of Roy Marsh, who died on November 6, 1980. This court granted the petitions of the personal representative, J.R. Kenner, Jr., and James and Willa Buckles for further review of the Nebraska Court of Appeals' decision. The Court of Appeals reversed the district court's decision which affirmed the judgment of the Thayer County Court sustaining the personal representative's and the Buckleses' motions to strike Blue Valley Lutheran Homes Society, Inc.'s objection to the distribution of the estate and its objection to the personal representative's claims for fees.

After this court's decision in *In re Estate of Marsh*, 216 Neb. 129, 342 N.W.2d 373 (1984), which held the decedent's will of November 10, 1977, and two subsequent codicils to be invalid, the various competing interests entered into and executed a document entitled "Stipulation and Covenants to Compromise Controversies Involving Beneficiaries of the Estate of Roy Marsh," dated October 27, 1987. The settlement agreement

provided that Peggy Sweetser would receive certain funds from accounts she held in joint tenancy with the decedent; that the heirs of the decedent would receive funds from certain other joint tenancy accounts; that Blue Valley Lutheran Homes Society, Inc., would receive all of the real estate of the decedent, not otherwise sold or transferred subsequent to the death of the decedent, which real estate is situated in Thayer County; and that James and Willa Buckles would receive the residue of the estate, including all remaining cash balances and assets.

The county court approved the settlement agreement on November 23, 1987. After all estate tax matters had been settled, Blue Valley filed a motion requesting the county court to order the personal representative, J.R. Kenner, Jr., to distribute the deed for the real estate pursuant to the settlement agreement. On September 29, 1989, the county court ordered that the real estate be distributed pursuant to its order of November 23, 1987, and the settlement agreement. An affidavit of compliance was filed by the personal representative on October 30, 1989, indicating that the deed to the real estate had been delivered.

On April 2, 1991, the personal representative mailed a filing to Blue Valley titled "Schedule of Distribution" which listed the names of the distributees in one column, a description of the property distributed in a second column, and the date of distribution in a third column. On the same day, the personal representative also filed a "Petition for Complete Settlement After Formal Proceedings, Allowance and Approval of Fees and Expenses, and Approval of Final Distribution." On May 6, Blue Valley filed an objection to the personal representative's petition for settlement. Blue Valley objected to the distribution on the grounds that the schedule failed to provide for the distribution of income from the real estate which Blue Valley had received pursuant to the settlement agreement. In a supplemental pleading, Blue Valley also objected to the personal representative's claims for fees.

The personal representative and the Buckleses filed motions to strike in response to Blue Valley's objections. Following a hearing on the matter, the county court held in an order dated May 13, 1991, that Blue Valley had already received the deed to

the real estate pursuant to the settlement agreement and therefore no longer had any interest remaining in the estate and was not entitled to any further accounting from the personal representative or to object to the personal representative's fees at the closing of the estate. The county court further found that Neb. Rev. Stat. § 30-24,104(b) (Reissue 1989) required Blue Valley to object to the final distribution schedule within 30 days of receipt and that its "failure to file objections thereto in the manner and time as required and provided by law" barred Blue Valley's right to object to the distribution at the formal closing of the estate.

Blue Valley appealed to the district court, which affirmed the judgment of the county court. Blue Valley appealed to the Court of Appeals. In its opinion, the Court of Appeals, with one judge dissenting, reversed the judgment of the district court affirming the county court's judgment in *In re Estate of Marsh*, 2 Neb. App. 649, 513 N.W.2d 35 (1994). The Court of Appeals found that § 30-24,104(b) was not applicable to Blue Valley's objections to the final distribution of the estate because the decedent's estate was being distributed according to the terms of a compromise agreement instead of the terms of a will. The Court of Appeals remanded the cause for further proceedings, stating that both parties are entitled to be placed in the same position they were in before the error occurred.

In their petitions for further review, the personal representative and the Buckleses assign as error (1) the Court of Appeals' interpretation of the settlement agreement; (2) the Court of Appeals' determination that the 30-day time limitation on objections concerning the final distribution found in § 30-24,104(b) applies only to distributions under wills and not to distributions pursuant to a settlement agreement; and (3) the Court of Appeals' failure to acknowledge that any claim Blue Valley might have or claim to have for prior income was barred by Neb. Rev. Stat. § 30-2485(b) (Reissue 1989), as indicated by Judge Hannon in his dissent.

The settlement agreement provided in paragraph 3:

All of the real estate of the Decedent, not otherwise sold or transferred subsequent to the death of the Decedent, which is situated in Thayer County, Nebraska, shall pass

by inheritance and devise from the Decedent to Blue Valley; and Kenner shall make, execute, and deliver to Blue Valley deeds of distribution conveying said real estate to Blue Valley; and *said conveyance shall be in full and complete satisfaction of the full distributive share of Blue Valley in the Estate of the Decedent, and of all claims or causes of action that Blue Valley may have or claim to have against the Estate and its Personal Representative*, and any claim that Blue Valley may have or claim to have against any joint tenancy assets of the Decedent that are referred to in Case No. 12756 in the District Court of Thayer County; and Blue Valley agrees to execute and deliver to Kenner its voluntary appearance and waiver of notice and stipulation authorizing dismissal of Case No. 12756 pending in the District Court of Thayer County, with prejudice, and a voluntary appearance, waiver of notice, and stipulation to be filed with the County Court of Thayer County and the District Court of Thayer County consenting to approval of this agreement and to the dismissal of the actions pending for the probate of the Decedent's Wills dated August 10, 1977, and January 7, 1970, in the District Court of Thayer County; and *Blue Valley covenants that it shall make no further claim to any of the assets of the Decedent nor against the Estate or Kenner*, and it covenants that it will not, at any time in the future, offer any Will of the Decedent for probate in any court in the United States.

(Emphasis supplied.) Paragraph 8 of the settlement agreement provided in part:

It is intended by the parties hereto that all property transferred and received pursuant to this agreement shall be taken by inheritance effective on the date of death of the Decedent; and that this agreement shall be presented to the County Court of Thayer County and the District Court of Thayer County for approval thereof and shall become final and binding upon the parties hereto, . . . and *all of the remaining parties to this agreement hereby release Kenner and the Estate of and from any and all claims and causes of action that they or any of them may*

*have or claim to have against Kenner or the Estate.*
(Emphasis supplied.) The estate in this case was under supervised administration. See Neb. Rev. Stat. §§ 30–2439 through 30–2443 (Reissue 1989). Section 30–2443 directs that the estate be closed by use of the procedure described in Neb. Rev. Stat. § 30–24,115 (Reissue 1989). That section provides that a petition for an order of complete settlement of an estate may request the court to approve distribution and to adjudicate the final settlement and distribution of the estate.

Part 11 of the Nebraska Probate Code consists of Neb. Rev. Stat. §§ 30–24,123 and 30–24,124 (Reissue 1989), which permit competent parties having beneficial interests in an estate pursuant to a will clouded by a good faith contest or controversy to reach a settlement agreement that will be approved by the court if it finds that the controversy is in good faith and that the agreement is just and reasonable. "Upon the making of the order and the execution of the agreement, all further disposition of the estate is in accordance with the terms of the agreement." § 30–24,124(3).

Part 9, Neb. Rev. Stat. §§ 30–2499 through 30–24,114 (Reissue 1989), of the Nebraska Probate Code relates to distribution of the estate. Section 30–24,104(b) provides:

> After the probable charges against the estate are known, the personal representative may mail or deliver a proposal for distribution to all persons who have a right to object to the proposed distribution. The right of any distributee to object to the proposed distribution on the basis of the kind or value of asset he is to receive, *if not waived earlier in writing*, terminates if he fails to object in writing received by the personal representative within thirty days after mailing or delivery of the proposal.

(Emphasis supplied.) In the present case, the personal representative filed a petition for complete settlement after formal proceedings pursuant to § 30–24,115. In that petition, he requested the court's approval of the distribution of the estate's assets. Also on April 2, 1991, the personal representative mailed the schedule of distribution to Blue Valley. Blue Valley was notified of the hearing on the petition for complete settlement on April 18.

Although it appears Blue Valley waived its right to object to the personal representative's proposed distribution of the estate pursuant to the court–approved settlement agreement between the parties, Blue Valley had notice that the personal representative wanted to close the estate and of how the personal representative planned to distribute the remaining assets of the estate. As provided by § 30–24,104(b), it had 30 days in which to object to the personal representative's proposed distribution. It failed to timely object and therefore is barred from complaining that it did not receive income from the land it received pursuant to the settlement agreement.

The Court of Appeals erred in its conclusion that § 30–24,104(b) applies only to distribution of an estate pursuant to a will. In light of this conclusion, it is unnecessary to address the personal representative's and the Buckleses' remaining assigned errors.

The judgment of the Court of Appeals is reversed and the cause remanded with directions to the Court of Appeals to reinstate the judgment of the district court.

REVERSED AND REMANDED.

HASTINGS, C.J., and WRIGHT, J., not participating.